04-20857

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No.

FEDERATED NATIONAL INSURANCE
COMPANY,

CIV - GOLD

     Plaintiff,

v.

MAGISTRATE JUDGE
SIMONTON

FORD MOTOR COMPANY, a foreign
corporation, THE FIRESTONE TIRE
AND RUBBER COMPANY, a foreign
corporation, BRIDGESTONE/
FIRESTONE AMERICAS HOLDINGS,
INC., a foreign corporation,

     Defendants.

_____/

### DEFENDANTS BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC AND BRIDGESTONE/FIRESTONE AMERICAS HOLDINGS, INC.'S NOTICE OF REMOVAL

Defendants, Bridgestone/Firestone North American Tire LLC, as successor in interest to Bridgestone/Firestone, Inc., a Delaware corporation ("Firestone"), and Bridgestone/Firestone Americas Holdings, Inc., by and through their undersigned counsel, hereby file their Notice of Removal of this action from the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, to this, the United States District Court for the Southern District of Florida[1] pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 and state:

1.      On or about March 16, 2004, Federated National Insurance Company ("Federated") filed a complaint in the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, bearing Case No. 04-198 CA. A true and correct copy of the complaint is

---

[1]  This case is properly removed to the Ft. Pierce division of the United States District Court for the Southern District of Florida under S.D. Fla. L.R. 3.1.



Notice of Removal

attached hereto as Exhibit "A."[2] [3]   Federated seeks payment for indemnity, medical wage loss and property damage claims it paid its insured as a result of an automobile accident involving its insured. *See* Compl. at ¶¶ 17 and 18.   As demonstrated below, Firestone has properly and appropriately removed this case to federal court.

2.       Federal courts are courts of limited jurisdiction therefore cases may be removed to federal court if the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(c); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 807 (11th Cir. 2003).   A plaintiff can bring a case in federal court if the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *see also Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1356 (11th Cir. 1996).   The allegations of the complaint establish that *(i)* the parties are diverse and *(ii)* that the amount in controversy exceeds the $75,000 jurisdictional requirement of this court.

### This action is between citizens of different states

3.       Diversity jurisdiction exists where the action is between citizens of different states. *See Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).   *Although the* complaint is silent as to the citizenship of Plaintiff, Federated is registered as a Florida corporation with the Florida Department of State Division of Corporations.   *See* Exhibit "D." The complaint states that "[a]t all times material Defendant, Firestone is a foreign corporation licensed to do business in the State of Florida and which at all times material hereto was doing business with Martin County, therein."   Further, the Complaint states that "Defendant, [BAH], is

---

[2] Federated apparently filed an Amended Complaint in the Circuit Court for the 19th Judicial Circuit in and for Martin County shortly thereafter. See Exhibit "B."

[3] Ford consents to the removal of this action. See Exhibit "C."

a foreign corporation licensed to do business in the State of Florida, and which at all times material hereto was doing business within Martin county, therein." *See* Compl. at ¶ 4. Lastly, the Complaint provides that "Defendant, Ford, is a foreign corporation licensed to do business in the State of Florida, and which at all times material hereto was doing business within Martin County, therein." *See* Compl. at ¶ 2.

4.    When, as here, the removal is based on diversity jurisdiction, the court makes the determination of whether the parties are diverse upon the removal. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).    Only Plaintiff is a citizen of the State of Florida.    The Complaint shows that Defendant Firestone is a foreign corporation, Defendant BAH is a foreign corporation and Defendant Ford is a foreign corporation.  The parties are clearly diverse.

## This action exceeds the $75,000 jurisdictional requirement

5.    As to the second prong of the removal test, the $75,000 jurisdictional amount is also clearly met.  On the face of the Complaint, Plaintiff seeks damages in the amount of $76,439.40. Thus it is clear that the amount in controversy exceeds $75,000.

6.    Based on the above, this Court has original diversity jurisdiction over this case as provided in 28 U.S.C. § 1332(a) since the citizenship of all parties is diverse and the amount in controversy exceeds $75,000.  Firestone and BAH are thus entitled to remove this action to the District Court in accordance with 28 U.S.C. § 1441(a) because Plaintiff could have originally filed this action in federal court.

7.    The complaint was served on Firestone on March 24, 2004.  This Notice of Removal is being filed within thirty days of Firestone receiving a paper from which it could first ascertain

3

that the action is removable.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C § 1446(b).

8.     Written notice of the filing of this Notice of Removal has been given to all parties, and a copy of the Notice of Removal was filed with the Clerk of the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, in compliance with 28 U.S.C. § 1446(d).

WHEREFORE,   Bridgestone/Firestone   North   American   Tire   LLC,   and Bridgestone/Firestone Americas Holdings, Inc., by and through their undersigned counsel, respectfully request that the above action now pending against it in the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, bearing Case No. 04-03291, be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
email:  lteichner@hklaw.com
         kwmarlin@hklaw.com

By:_____
      Lee P. Teichner
      Fla. Bar No.:  816280
      Kathy-Ann Webb Marlin
      Fla. Bar No.: 178799

Notice of Removal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was sent by U.S. mail and faxed this __12__ day of April 2004, to:  Stuart F. Cohen, Esq., Conroy, Simberg, Ganon, Krevans & Abel, P.A., 3440 Hollywood Blvd., 2nd Floor, Hollywood, Florida 33021, facsimile: (954) 967-8577; and Frank McDonald, Esq., Carlton Fields PA, P.O. Box 1171, Orlando, Florida 32802-1171, facsimile: (407) 648-9099.

Lee P. Teichner, Esq.
Kathy-Ann Webb Marlin, Esq.

# 1835485_v1

01-6776

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
MARTIN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: *04-198CA*

*Judge William L. Roby*

FEDERATED NATIONAL INSURANCE
COMPANY

        Plaintiff,

vs.

FORD MOTOR COMPANY, a Foreign
corporation, and THE FIRESTONE TIRE
AND RUBBER COMPANY, a Foreign
corporation, and BRIDGESTONE/FIRESTONE
AMERICAS HOLDING , INC., a foreign
corporation,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, FEDERATED NATIONAL INSURANCE COMPANY

(hereinafter FEDERATED) and sues the Defendants, FORD MOTOR COMPANY

(hereinafter FORD), THE FIRESTONE TIRE AND RUBBER COMPANY (hereinafter

FIRESTONE), BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. (hereinafter

BRIDGESTONE), a foreign corporation, and alleges as follows:

        1.   This an action for damages which exceed the sum of $15,000.00, exclusive

of interests and costs.

        2.   Defendant, FORD, is a foreign corporation licensed to do business in the State



EXHIBIT "A"

of Florida, and which at all times material hereto was doing business within Martin

County, therein.

3.  Defendant, FIRESTONE, is a foreign corporation licensed to do business in the

State of Florida, and which at all times material hereto was doing business within Martin

County, therein.

4.  Defendant, BRIDGESTONE, is a foreign corporation licensed to do business in

the State of Florida, and which at all times material hereto was doing business within

Martin County, therein.

5.  At all times material hereto, Defendant, FORD was a manufacturer of motor

vehicles, including the one involved in the motor vehicle collision hereinafter alleged.

6.  In the course of its manufacturing business, Defendant, FORD,

manufactured a motor vehicle, and more specifically, a 1997 Ford Explorer bearing

VIN#: IFMZU32X2WZA71580 (hereinafter THE VEHICLE).

7.  At all times material hereto, Defendant, FIRESTONE, was a manufacturer of

tires for motor vehicle use, including those for use upon THE VEHICLE.

8.  At all times material hereto, Defendant, BRIDGESTONE, was a manufacturer

of tires for motor vehicle use, including those for use upon THE VEHICLE.

9.  In the course of its manufacturing business, FIRESTONE and/or

BRIDGESTONE, designed, manufactured, assembled, distributed and sold two motor

vehicle tires, bearing measurements P235/75R15SL (hereinafter THE TIRES).

10. THE TIRES were distributed and sold by FIRESTONE and/or BRIDGESTONE

to Defendant, FORD, who then placed THE TIRES on THE VEHICLE.

11.  THE TIRES were on THE VEHICLE during the motor vehicle collision which is

hereinafter alleged.

12.   The motor vehicle collision which is the subject of the negligence/product defect allegations contained below occurred within the City of Palm City, Martin County, Florida, and thus venue is proper.

13.   On or about March 18, 2000, Michael Anthony Stewart was operating THE VEHICLE in a northbound direction on I-95 at or near its intersection with State Road 713 in the City of Palm City, Martin County, Florida.

14.   At the aforementioned time and location, the right rear of THE TIRES blew out, causing THE VEHICLE to swerve across the shoulder of the Interstate and into the median, rolling over and flipping several times, ejecting several of the occupants of the vehicle, causing them to sustain significant and permanent injuries.

15.   At the time of the aforementioned motor vehicle collision, THE VEHICLE was insured under a policy of motor vehicle insurance with Plaintiff, FEDERATED.

16.   The aforementioned policy of motor vehicle insurance provided PIP and liability coverage for the injuries sustained by the occupants of the vehicle, as well as comprehensive and collision coverage applicable to the property damage sustained by the vehicle, which was a total loss.

17.   After presentation of the claims for PIP, liability  and comprehensive/collision coverage under this policy of insurance with FEDERATED, FEDERATED made payment of indemnity, medical bills, wage loss and property damage totaling $76,439.40.

18.   Under both common law and equitable principals, FEDERATED, in exchange for the foregoing payments, became subrogated to the rights of the injured parties and owner of THE VEHICLE to the extent of the $76,439.40 in payments made by it to

these persons.

## COUNT I

## <u>STRICT LIABILITY AGAINST DEFENDANT, FIRESTONE</u>

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

19.  THE TIRES were designed manufactured assembled, distributed and sold by Defendant, FIRESTONE, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's  insureds.

20.  Due to the defective condition of THE TIRES, they were not reasonably fit for the purpose for which they were intended at the time of their design, manufacturer, assembly, sale, and/or distribution by Defendant, FIRESTONE.

21.  THE TIRES, which were in a defective condition, were distributed and sold by Defendant, FIRESTONE, thereby placing them on the market in a defectively or unreasonably dangerous condition.

22.  Due to the defective condition of THE TIRES, they were unreasonably dangerous because of their design, such that the risk of danger to users such as Plaintiff's insureds outweighed the benefit of the product.

23.  Due to the defective condition of THE TIRES, they were dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendant, FIRESTONE.

24. Due to the defective condition of THE TIRES, they were unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

25. Due to the defective condition of THE TIRES, they were unreasonably dangerous because an alternative manufacturing process was available and economically feasible to Defendant, FIRESTONE.

26. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRES.

27. Defendant, FIRESTONE, knew or should have known that THE TIRES would be used without inspection for defects, and by placing them on the market represented that they would safely do the job for which they were intended.

28. The defective product described above directly and proximately caused the aforementioned motor vehicle collision and resulting severe personal injuries and property damage sustained by Plaintiff's insureds.

29. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FIRESTONE, manufactured, assembled and distributed and sold THE TIRES, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FIRESTONE, its costs herein, and further demands trial by jury.

## COUNT II

## STRICT LIABILITY AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

30. THE TIRES were distributed and sold by Defendant, FORD, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

31. Due to the defective condition of THE TIRES, they were not reasonably fit for the purpose for which they were intended at the time of their sale and/or distribution by Defendant, FORD.

32. THE TIRES, which were in a defective condition, were distributed and sold by Defendant, FORD, thereby placing them on the market in a defectively or unreasonably dangerous condition.

33. Due to the defective condition of THE TIRES, they were unreasonably dangerous because of their design, such that the risk of danger to users such as Plaintiff's insureds outweighed the benefit of the product.

34. Due to the defective condition of THE TIRES, they were dangerous beyond the expectation of the ordinary user when used as intended or in a manner reasonably foreseeable to Defendant, FORD.

35. Due to the defective condition of THE TIRES, they were unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

36. Due to the defective condition of THE TIRES, they were unreasonably dangerous because an alternative manufacturing process and available economically

feasible to Defendant, FORD.

37. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRES.

38. Defendant, FORD, knew or should have known that THE TIRES would be used without inspection for defects, and by placing them on the market represented that they would safely do the job for which they were intended.

39. The defective product described above directly and proximately caused the aforementioned motor vehicle collision and severe personal injuries and property damage sustained by Plaintiff's insureds.

40. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, distributed and sold their TIRES, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

## COUNT III

### STRICT LIABILITY AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

41. THE VEHICLE was designed manufactured assembled, distributed and sold by Defendant, FORD, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

42. Due to the defective condition of THE VEHICLE, it was not reasonably fit for

the purpose for which they were intended at the time of their design, manufacturer, assembly, sale, and/or distribution by Defendant, FORD.

43. THE VEHICLE, which was in a defective condition, were distributed and sold by Defendant, FORD, thereby placing it on the market in a defectively or unreasonably dangerous condition.

44. Due to the defective condition of THE VEHICLE, it was unreasonably dangerous because of its design, such that the risk of danger to users such a Plaintiff's insureds outweighed the benefit of the product.

45. Due to the defective condition of THE VEHICLE, it was dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendant, FORD.

46. Due to the defective condition of THE VEHICLE, they were unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

47. Due to the defective condition of THE VEHICLE, it was unreasonably dangerous because an alternative manufacturing process was available and economically feasible to Defendant, FORD.

48. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE VEHICLE.

49. Defendant, FORD, knew or should have known that THE VEHICLE would be used without inspection for defects, and by placing it on the market represented that it would safely do the job for which they were intended.

50. The defective design of the product described above directly and

proximately caused the aforementioned motor vehicle collision and severe personal injuries and property damage sustained by FEDERATED's insureds.

51.  As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, manufactured, assembled and distributed and sold their VEHICLE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

### COUNT IV

### NEGLIGENCE AGAINST DEFENDANT, FIRESTONE

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

52.  At all times material hereto, Defendant, FIRESTONE, had a duty to design manufacture, assemble, distribute and sell THE TIRES in such a manner that they would be reasonably safe for their intended use.

53.  At all times material hereto, Defendant, FIRESTONE, breached this duty by failing to manufacture THE TIRES with suitable materials and in a suitably workmanlike fashion so that they would be reasonably safe for their intended use.

54.  Likewise, at all times material hereto, Defendant, FIRESTONE, had a duty to design THE TIRES in a reasonably prudent fashion so that they would be suitable for their intended use, and this case, for use on a sport utility vehicle such as THE VEHICLE.

55.   At all times material hereto, Defendant, FIRESTONE, knew or in the exercise of reasonable care, should have known, that its acts and omissions with respect to the design manufacturer assembly distribution and sale of THE TIRES would result in injuries to users of those THE TIRES such as Plaintiff's insureds.

56.   Defendant, FIRESTONE, was negligent in failing to exercise due care in the design, manufacturer, assembly, distribution and sale of THE TIRES for the reasons alleged herein.

57.   These negligence acts and omissions of Defendant, FIRESTONE, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's insureds.

58.   As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FIRESTONE, manufactured, assembled and distributed and sold THE TIRES, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FIRESTONE, its costs herein, and further demands trial by jury.


## COUNT V

## NEGLIGENCE AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

59.   At all times material hereto, Defendant, FORD, had a duty to design manufacture, assemble, distribute and sell THE VEHICLE in such a manner that they

would be reasonably safe for their intended use.

60.  At all times material hereto, Defendant, FORD, breached this duty by failing to manufacture its products with suitable materials and in a suitably workmanlike fashion so that they would be reasonably safe for their intended use.

61.  Likewise, at all times material hereto, Defendant, FORD, had a duty to design THE VEHICLE in a reasonably prudent fashion so that they would be suitable for its intended use, in this case, for use on a sport utility vehicle such as THE VEHICLE.

62.  At all times material hereto, Defendant, FORD, knew or in the exercise of reasonable care, should have known, that its acts and omissions with respect to the design, manufacturer, assembly, distribution and sale of THE VEHICLE would result in injuries to users of THE VEHICLE such as FEDERATED's insureds.

63.  Defendant, FORD, was negligent in failing to exercise due care in the design, manufacturer, assembly, distribution and sale of THE VEHICLE for the reasons alleged herein.

64.  These negligent acts and omissions of Defendant, FORD, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's insureds.

65.  As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, manufactured, assembled and distributed and sold THE VEHICLE, Plaintiff incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

## COUNT VI

## STRICT LIABILITY AGAINST DEFENDANT, BRIDGESTONE

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

66.  THE TIRES were designed manufactured assembled, distributed and sold by Defendant, BRIDGESTONE, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

67.  Due to the defective condition of THE TIRES, they were not reasonably fit for the purpose for which they were intended at the time of their design, manufacturer, assembly, sale, and/or distribution by Defendant, BRIDGESTONE.

68.  THE TIRES, which were in a defective condition, were distributed and sold by Defendant, BRIDGESTONE, thereby placing them on the market in a defectively or unreasonably dangerous condition.

69.  Due to the defective condition of THE TIRES, they were unreasonably dangerous because of their design, such that the risk of danger to users such as Plaintiff's insureds outweighed the benefit of the product.

70.  Due to the defective condition of THE TIRES, they were dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendant, BRIDGESTONE.

71.  Due to the defective condition of THE TIRES, they were unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

72.  Due to the defective condition of THE TIRES, they were unreasonably

dangerous because an alternative manufacturing process was available and economically feasible to Defendant, BRIDGESTONE.

73.  Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRES.

74.  Defendant, BRIDGESTONE, knew or should have known that THE TIRES would be used without inspection for defects, and by placing them on the market represented that they would safely do the job for which they were intended.

75.  The defective product described above directly and proximately caused the aforementioned motor vehicle collision and resulting severe personal injuries and property damage sustained by Plaintiff's insureds.

76.  As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, BRIDGESTONE, manufactured, assembled and distributed and sold THE TIRES, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, BRIDGESTONE, its costs herein, and further demands trial by jury.

## COUNT VII

## NEGLIGENCE AGAINST DEFENDANT, BRIDGESTONE

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

77.  At all times material hereto, Defendant, BRIDGESTONE, had a duty to design manufacture, assemble, distribute and sell THE TIRES in such a manner that

they would be reasonably safe for their intended use.

78. At all times material hereto, Defendant, BRIDGESTONE, breached this duty by failing to manufacture THE TIRES with suitable materials and in a suitably workmanlike fashion so that they would be reasonably safe for their intended use.

79. Likewise, at all times material hereto, Defendant, BRIDGESTONE, had a duty to design THE TIRES in a reasonably prudent fashion so that they would be suitable for their intended use, and this case, for use on a sport utility vehicle such as THE VEHICLE.

80. At all times material hereto, Defendant, BRIDGESTONE, knew or in the exercise of reasonable care, should have known, that its acts and omissions with respect to the design manufacturer assembly distribution and sale of THE TIRES would result in injuries to users of those THE TIRES such as Plaintiff's insureds.

81. Defendant, BRIDGESTONE, was negligent in failing to exercise due care in the design, manufacturer, assembly, distribution and sale of THE TIRES for the reasons alleged herein.

82. These negligence acts and omissions of Defendant, BRIDGESTONE, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's insureds.

83. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, BRIDGESTONE, manufactured, assembled and

distributed and sold THE TIRES, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, BRIDGESTONE, its costs herein, and further demands trial by jury.

Respectfully submitted this _15_ day of _March_, 2004.

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Attorneys for the Plaintiff
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
954-961-1400

BY: _____
STUART F. COHEN, ESQUIRE
Fla.Bar #: 986178

01-6776

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
MARTIN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04 198 CA

FEDERATED NATIONAL INSURANCE
COMPANY

      Plaintiff,

vs.

FORD MOTOR COMPANY, a Foreign
corporation, and THE FIRESTONE TIRE
AND RUBBER COMPANY, a Foreign
corporation, BRIDGESTONE/FIRESTONE, INC.,
a foreign corporation, and BRIDGESTONE/FIRESTONE
AMERICAS HOLDING , INC., a foreign
corporation,

      Defendants.

_____ /

## AMENDED COMPLAINT FOR DAMAGES

    **COMES NOW** the Plaintiff, FEDERATED NATIONAL INSURANCE COMPANY

(hereinafter FEDERATED) and sues the Defendants, FORD MOTOR COMPANY

(hereinafter FORD), THE FIRESTONE TIRE AND RUBBER COMPANY (hereinafter

FIRESTONE), BRIDGESTONE/FIRESTONE, INC. (hereinafter BRIDGESTONE), a foreign

corporation, and BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. (hereinafter

AMERICAS HOLDING), a foreign corporation, and alleges as follows:

    1.  This an action for damages which exceed the sum of $15,000.00, exclusive

of interests and costs.

EXHIBIT "B"

2. Defendant, FORD, is a foreign corporation licensed to do business in the State of Florida, and which at all times material hereto was doing business within Martin County, therein.

3. Defendant, FIRESTONE, is a foreign corporation licensed to do business in the State of Florida, and which at all times material hereto was doing business within Martin County, therein.

4. Defendants, BRIDGESTONE and AMERICAS HOLDING, are foreign corporations licensed to do business in the State of Florida, and which at all times material hereto were doing business within Martin County, therein.

5. At all times material hereto, Defendant, FORD was a manufacturer of motor vehicles, including the one involved in the motor vehicle collision hereinafter alleged.

6. In the course of its manufacturing business, Defendant, FORD, manufactured a motor vehicle, and more specifically, a 1997 Ford Explorer bearing VIN#: IFMZU32X2WZA71580 (hereinafter THE VEHICLE).

7. At all times material hereto, Defendant, FIRESTONE, was a manufacturer of tires for motor vehicle use, including those for use upon THE VEHICLE.

8. At all times material hereto, Defendants, BRIDGESTONE and AMERICAS HOLDING, were manufacturers of tires for motor vehicle use, including those for use upon THE VEHICLE.

9. In the course of their manufacturing businesses, FIRESTONE and/or BRIDGESTONE and/or AMERICAS HOLDING, designed, manufactured, assembled, distributed and sold a motor vehicle tire, and more specifically a Firestone Wilderness AT tire with maximum load capacity: 2028, bearing serial number VDHL1PY487, and

mold number 26609 UR BM07459-3 (hereinafter THE TIRE).

10. THE TIRE was distributed and sold by FIRESTONE and/or BRIDGESTONE and/or AMERICAS HOLDING to Defendant, FORD, who then placed THE TIRE on THE VEHICLE.

11. THE TIRE was on THE VEHICLE during the motor vehicle collision which is hereinafter alleged.

12. The motor vehicle collision which is the subject of the negligence/product defect allegations contained below occurred within the City of Palm City, Martin County, Florida, and thus venue is proper.

13. On or about March 18, 2000, Michael Anthony Stewart was operating THE VEHICLE in a northbound direction on I-95 at or near its intersection with State Road 713 in the City of Palm City, Martin County, Florida.

14. At the aforementioned time and location, THE TIRE blew out, causing THE VEHICLE to swerve across the shoulder of the Interstate and into the median, rolling over and flipping several times, ejecting several of the occupants of the vehicle, causing them to sustain significant and permanent injuries.

15. At the time of the aforementioned motor vehicle collision, THE VEHICLE was insured under a policy of motor vehicle insurance with Plaintiff, FEDERATED.

16. The aforementioned policy of motor vehicle insurance provided PIP and liability coverage for the injuries sustained by the occupants of the vehicle, as well as comprehensive and collision coverage applicable to the property damage sustained by the vehicle, which was a total loss.

17. After presentation of the claims for PIP, liability and comprehensive/collision

coverage under this policy of insurance with FEDERATED, FEDERATED made payment of indemnity, medical bills, wage loss and property damage totaling $76,439.40.

18. Under both common law and equitable principals, FEDERATED, in exchange for the foregoing payments, became subrogated to the rights of the injured parties and owner of THE VEHICLE to the extent of the $76,439.40 in payments made by it to these persons.

## COUNT I

### STRICT LIABILITY AGAINST DEFENDANT, FIRESTONE

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

19. THE TIRE was designed manufactured assembled, distributed and sold by Defendant, FIRESTONE, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

20. Due to the defective condition of THE TIRE, it was not reasonably fit for the purpose for which it was intended at the time of its design, manufacture, assembly, sale, and/or distribution by Defendant, FIRESTONE.

21. THE TIRE, which was in a defective condition, was distributed and sold by Defendant, FIRESTONE, thereby placing it on the market in a defectively or unreasonably dangerous condition.

22. Due to the defective condition of THE TIRE, it was unreasonably dangerous because of its design, such that the risk of danger to users such as Plaintiff's insureds

outweighed the benefit of the product.

23. Due to the defective condition of THE TIRE, it was dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendant, FIRESTONE.

24. Due to the defective condition of THE TIRE, it was unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

25. Due to the defective condition of THE TIRE, it was unreasonably dangerous because an alternative manufacturing process was available and economically feasible to Defendant, FIRESTONE.

26. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRE.

27. Defendant, FIRESTONE, knew or should have known that THE TIRE would be used without inspection for defects, and by placing it on the market represented that it would safely do the job for which it was intended.

28. The defective product described above directly and proximately caused the aforementioned motor vehicle collision and resulting severe personal injuries and property damage sustained by Plaintiff's insureds.

29. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FIRESTONE, manufactured, assembled and distributed and sold THE TIRE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant,

FIRESTONE, its costs herein, and further demands trial by jury.

## COUNT II

### STRICT LIABILITY AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

30. THE TIRE was distributed and sold by Defendant, FORD, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

31. Due to the defective condition of THE TIRE, it was not reasonably fit for the purpose for which it was intended at the time of its sale and/or distribution by Defendant, FORD.

32. THE TIRE, which was in a defective condition, was distributed and sold by Defendant, FORD, thereby placing it on the market in a defectively or unreasonably dangerous condition.

33. Due to the defective condition of THE TIRE, it wasunreasonably dangerous because of its design, such that the risk of danger to users such as Plaintiff's Insureds outweighed the benefit of the product.

34. Due to the defective condition of THE TIRE, it was dangerous beyond the expectation of the ordinary user when used as intended or in a manner reasonably foreseeable to Defendant, FORD.

35. Due to the defective condition of THE TIRE, it was unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

36. Due to the defective condition of THE TIRE, it was unreasonably dangerous

because an alternative manufacturing process and available economically feasible to Defendant, FORD.

37. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRE.

38. Defendant, FORD, knew or should have known that THE TIRE would be used without inspection for defects, and by placing it on the market represented that it would safely do the job for which it was intended.

39. The defective product described above directly and proximately caused the aforementioned motor vehicle collision and severe personal injuries and property damage sustained by Plaintiff's insureds.

40. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, distributed and sold their TIRE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

## COUNT III

### STRICT LIABILITY AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

41. THE VEHICLE was designed manufactured assembled, distributed and sold by Defendant, FORD, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

42. Due to the defective condition of THE VEHICLE, it was not reasonably fit for the purpose for which they were intended at the time of their design, manufacturer, assembly, sale, and/or distribution by Defendant, FORD.

43. THE VEHICLE, which was in a defective condition, were distributed and sold by Defendant, FORD, thereby placing it on the market in a defectively or unreasonably dangerous condition.

44. Due to the defective condition of THE VEHICLE, it was unreasonably dangerous because of its design, such that the risk of danger to users such a Plaintiff's insureds outweighed the benefit of the product.

45. Due to the defective condition of THE VEHICLE, it was dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendant, FORD.

46. Due to the defective condition of THE VEHICLE, they were unreasonably dangerous because a less dangerous alternative design and/or modification to the design were available and economically feasible to Defendant.

47. Due to the defective condition of THE VEHICLE, it was unreasonably dangerous because an alternative manufacturing process was available and economically feasible to Defendant, FORD.

48. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE VEHICLE.

49. Defendant, FORD, knew or should have known that THE VEHICLE would be used without inspection for defects, and by placing it on the market represented that it would safely do the job for which they were intended.

50. The defective design of the product described above directly and proximately caused the aforementioned motor vehicle collision and severe personal injuries and property damage sustained by FEDERATED's insureds.

51. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, manufactured, assembled and distributed and sold their VEHICLE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

## COUNT IV

### NEGLIGENCE AGAINST DEFENDANT, FIRESTONE

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

52. At all times material hereto, Defendant, FIRESTONE, had a duty to design manufacture, assemble, distribute and sell THE TIRE in such a manner that it would be reasonably safe for its intended use.

53. At all times material hereto, Defendant, FIRESTONE, breached this duty by failing to manufacture THE TIRE with suitable materials and in a suitably workmanlike fashion so that it would be reasonably safe for its intended use.

54. Likewise, at all times material hereto, Defendant, FIRESTONE, had a duty to design THE TIRE in a reasonably prudent fashion so that it would be suitable for its intended use, and this case, for use on a sport utility vehicle such as THE VEHICLE.

55. At all times material hereto, Defendant, FIRESTONE, knew or in the exercise

of reasonable care, should have known, that its acts and omissions with respect to the design, manufacture, assembly, distribution and sale of THE TIRE would result in injuries to users of THE TIRE such as Plaintiff's insureds.

56. Defendant, FIRESTONE, was negligent in failing to exercise due care in the design, manufacture, assembly, distribution and sale of THE TIRE for the reasons alleged herein.

57. These negligence acts and omissions of Defendant, FIRESTONE, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's Insureds.

58. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FIRESTONE, manufactured, assembled and distributed and sold THE TIRE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FIRESTONE, its costs herein, and further demands trial by jury.

## COUNT V

### NEGLIGENCE AGAINST DEFENDANT, FORD

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

59. At all times material hereto, Defendant, FORD, had a duty to design manufacture, assemble, distribute and sell THE VEHICLE in such a manner that they would be reasonably safe for their intended use.

60. At all times material hereto, Defendant, FORD, breached this duty by failing to manufacture its products with suitable materials and in a suitably workmanlike fashion so that they would be reasonably safe for their intended use.

61. Likewise, at all times material hereto, Defendant, FORD, had a duty to design THE VEHICLE in a reasonably prudent fashion so that they would be suitable for its intended use, in this case, for use on a sport utility vehicle such as THE VEHICLE.

62. At all times material hereto, Defendant, FORD, knew or in the exercise of reasonable care, should have known, that its acts and omissions with respect to the design, manufacture, assembly, distribution and sale of THE VEHICLE would result in injuries to users of THE VEHICLE such as FEDERATED's insureds.

63. Defendant, FORD, was negligent in failing to exercise due care in the design, manufacture, assembly, distribution and sale of THE VEHICLE for the reasons alleged herein.

64. These negligent acts and omissions of Defendant, FORD, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's insureds.

65. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendant, FORD, designed, manufactured, assembled, distributed and sold THE VEHICLE, Plaintiff incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendant, FORD, its costs herein, and further demands trial by jury.

## COUNT VI

### STRICT LIABILITY AGAINST DEFENDANTS, BRIDGESTONE and AMERICAS HOLDING

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

66.  THE TIRE was designed manufactured assembled, distributed and sold by Defendants, BRIDGESTONE and/or AMERICAS HOLDING, in a defective condition, unreasonably dangerous to foreseeable users such as FEDERATED's insureds.

67.  Due to the defective condition of THE TIRE, it was not reasonably fit for the purpose for which it was intended at the time of its design, manufacture, assembly, sale, and/or distribution by Defendants, BRIDGESTONE and/or AMERICAS HOLDING.

68.  THE TIRE, which was in a defective condition, was distributed and sold by Defendants, BRIDGESTONE and/or AMERICAS HOLDING, thereby placing it on the market in a defectively or unreasonably dangerous condition.

69.  Due to the defective condition of THE TIRE, it was unreasonably dangerous because of its design, such that the risk of danger to users such as Plaintiff's insureds outweighed the benefit of the product.

70.  Due to the defective condition of THE TIRE, it was dangerous beyond the expectation of the ordinary user when used as intended on a manner reasonably foreseeable to Defendants, BRIDGESTONE and/or AMERICAS HOLDING.

71.  Due to the defective condition of THE TIRE, it was unreasonably dangerous because a less dangerous alternative design and/or modification to the design were

available and economically feasible to Defendants, BRIDGESTONE and/or AMERICAS HOLDING.

72. Due to the defective condition of THE TIRE, it was unreasonably dangerous because an alternative manufacturing process was available and economically feasible to Defendants, BRIDGESTONE and/or AMERICAS HOLDING.

73. Plaintiff's insureds were unaware of the defective and unreasonably dangerous condition of THE TIRES.

74. Defendants, BRIDGESTONE and/or AMERICAS HOLDING, knew or should have known that THE TIRE would be used without inspection for defects, and by placing it on the market represented that it would safely do the job for which they were intended.

75. The defective product described above directly and proximately caused the aforementioned motor vehicle collision and resulting severe personal injuries and property damage sustained by Plaintiff's insureds.

76. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendants, BRIDGESTONE and/or AMERICAS HOLDING, manufactured, assembled and distributed and sold THE TIRE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendants, BRIDGESTONE and AMERICAS HOLDING, its costs herein, and further demands trial by jury.

## COUNT VII

### NEGLIGENCE AGAINST DEFENDANTS, BRIDGESTONE and AMERICAS HOLDING

Plaintiff, readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

77. At all times material hereto, Defendants, BRIDGESTONE and/or AMERICAS HOLDING, had a duty to design manufacture, assemble, distribute and sell THE TIRE in such a manner that it would be reasonably safe for its intended use.

78. At all times material hereto, Defendant, BRIDGESTONE and/or AMERICAS HOLDING, breached this duty by failing to manufacture THE TIRE with suitable materials and in a suitably workmanlike fashion so that they would be reasonably safe for its intended use.

79. Likewise, at all times material hereto, Defendants, BRIDGESTONE and/or AMERICAS HOLDING, had a duty to design THE TIRE in a reasonably prudent fashion so that it would be suitable for its intended use, and this case, for use on a sport utility vehicle such as THE VEHICLE.

80. At all times material hereto, Defendants, BRIDGESTONE and/or AMERICAS HOLDING, knew or in the exercise of reasonable care, should have known, that its acts and omissions with respect to the design manufacturer assembly distribution and sale of THE TIRE would result in injuries to users of THE TIRE such as Plaintiff's insureds.

81. Defendants, BRIDGESTONE and/or AMERICAS HOLDING, were negligent in failing to exercise due care in the design, manufacture, assembly, distribution and sale of THE TIRE for the reasons alleged herein.

82. These negligence acts and omissions of Defendant, BRIDGESTONE and/or AMERICAS HOLDING, directly and proximately caused the aforementioned motor vehicle collision and severe injuries and property damage sustained by Plaintiff's insureds.

83. As a further direct and proximate result of the defective and unreasonably dangerous condition in which Defendants, BRIDGESTONE and/or AMERICAS HOLDING, manufactured, assembled and distributed and sold THE TIRE, FEDERATED incurred the aforementioned expenses associated with the claims presented against it by its insureds.

WHEREFORE, FEDERATED demands judgment for damages against Defendants, BRIDGESTONE and AMERICAS HOLDING, its costs herein, and further demands trial by jury.

WE HEREBY CERTIFY that a true and correct copy of this Amended Complaint for Damages has been mailed by regular and certified mail this ____ day of

_____, 2004, to: NRAI SERVICE INC., 50 Century Boulevard, Nashville,

TN 37214; and Togashi Isao, 2025 Woodmount, Nashville, TN 37214.

> CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
> Attorneys for the Plaintiff
> 3440 Hollywood Blvd., 2nd Floor
> Hollywood, Florida 33021
> 954-961-1400

BY:_____

> STUART F. COHEN, ESQUIRE
> Fla.Bar #: 986178

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY, FLORIDA
CASE NO.: 04-198CA

FEDERATED NATIONAL INSURANCE COMPANY,

      Plaintiff,

vs.

FORD MOTOR COMPANY, a
foreign corporation; THE FIRESTONE
TIRE AND RUBBER COMPANY, a
foreign corporation and BRIDGESTONE/
FIRESTONE AMERCAS HOLDING,
INC., a foreign corporation,

      Defendants.

_____/

## CONSENT TO REMOVAL

    Defendant, Ford Motor Company, files this consent to Defendant, The Firestone

Tire and Rubber Company's, removal of this action from the Circuit Court of the

Nineteenth Judicial Circuit in and for Martin County, Florida, to the United States

District Court for the Southern District of Florida, Fort Pierce Division.

                                      _____
                                      FRANCIS M. MCDONALD, JR., ESQUIRE
                                      Florida Bar No. 327093
                                      SCOTT A. RICHMAN
                                      Florida Bar No. 0182753
                                      CARLTON, FIELDS, P.A.
                                      450 S. Orange Avenue, Suite 500
                                      Orlando, Florida 32801
                                      Phone: (407) 849-0300
                                      Attorneys for: FORD MOTOR COMPANY

EXHIBIT  "C"



## Florida Profit

### FEDERATED NATIONAL INSURANCE COMPANY

PRINCIPAL ADDRESS
4161 N.W. 5TH STREET
PLANTATION FL 33317 US

MAILING ADDRESS
P. O. BOX 407193
FT LAUDERDALE FL 33340 US
Changed 02/02/2001

| Document Number | FEI Number | Date Filed |
|---|---|---|
| V03998 | 650248867 | 01/06/1992 |

| State | Status | Effective Date |
|---|---|---|
| FL | ACTIVE | NONE |

## Registered Agent

| Name & Address |
|---|
| CHIEF FINANCIAL OFFICER<br>P O BOX 6200 (32314-6200)<br>200 E. GAINES ST<br>TALLAHASSEE FL 32399-0000 |
| Name Changed: 03/17/2003 |
| Address Changed: 03/17/2003 |

## Officer/Director Detail

| Name & Address | Title |
|---|---|
| WIDDICOMBE, RICHARD A<br>4161 NW 5TH ST<br><br>PLANTATION FL 33317 US | D |
| SIMBERG, BRUCE<br>4161 NW 5TH ST<br><br>PLANTATION FL 33317 US | D |
| LAWSON, EDWARD J<br>4161 NW 5TH ST | D |

EXHIBIT "D"

| | |
|---|---|
| PLANTATION FL 33317 US | |
| EPSTEIN, JAMES A<br>4161 NW 5TH ST<br><br>PLANTATION FL 33317 US | S |
| LAWSON, MICHELE V<br>4161 NW 5TH ST<br><br>PLANTATION FL 33317 US | T |
| BRAUN, MICHAEL H<br>4161 NW 5 STREET<br><br>PLANTATION FL 33317 US | PD |

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2002 | 04/02/2002 |
| 2003 | 01/08/2003 |
| 2004 | 01/09/2004 |

[ Previous Filing ]          [ Return to List ]          [ Next Filing ]

No Events
No Name History Information

## Document Images
Listed below are the images available for this filing.

01/09/2004 -- ANNUAL REPORT
01/08/2003 -- ANNUAL REPORT
04/02/2002 -- COR - ANN REP/UNIFORM BUS REP
02/02/2001 -- ANN REP/UNIFORM BUS REP
02/24/2000 -- ANN REP/UNIFORM BUS REP
03/16/1999 -- ANNUAL REPORT
04/07/1998 -- ANNUAL REPORT
05/06/1997 -- ANNUAL REPORT
06/14/1996 -- 1996 ANNUAL REPORT

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry          Corporations Help

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

FEDERATED NATIONAL INSURANCE COMPANY

## DEFENDANTS

FORD MOTOR COMPANY, a foreign corporation, THE FIRESTONE TIRE AND RUBBER COMPANY, a foreign corporation, BRIDGESTONE/FIRESTONE AMERICAS HOLDINGS, INC., a foreign corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF – Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT – foreign corporation
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stuart F. Cohen, Esq.
Conroy, Simberg, Ganon, Krevans & Abel, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, Florida 33021

Frank McDonald, Esq.
Carlton Fields, P.A.
P.O. Box 1171
Orlando, Florida 32802-1171

ATTORNEYS (IF KNOWN)
Lee P. Teichner, Esq
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL  33131
Tel: (305) 374-8500

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:    DADE,    MONROE,    BROWARD,    PALM BEACH,    MARTIN,    ST. LUCIE,    INDIAN RIVER,    OKEECHOBEE,    HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place Of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury– Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury –– Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | **A LABOR** | **B SOCIAL SECURITY** | ☐ 890 Other Statutory Actions A or B |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 535 Death Penalty | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | A☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| | | | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS – Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) – 28 U.S.C. §1441 et. Seq. and 28 U.S.C. §1332 based upon complete diversity of citizenship.
Via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES    ☐ NO

VIII. RELATED CASE(S)
IF ANY
(See instructions):
JDGE _____
DOCKET
NUME _____

DATE
April 12, 2004

SIGNATURE OF ATTORNEY OF RECORD
_Evin B. Egelson #586840 for Lee P. Teichner_

FOR OFFICE USE ONLY

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse
(Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.       (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

        **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.   (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and offices of the United States are included here.

United States defendant.   (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.   (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.   (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.   (1) Cases which originate in the United States district courts.

Removed from State Court.   (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.   (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.   (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.   (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.   (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.   (7) Check this box for an appeal from a magistrate judge's decision.

**V.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23. F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

#1855032_v1